Case 4:15-cv-00310 Document 41 Filed in TXSD on 02/15/17 Page 1 of 12

United States District Court
Southern District of Texas
**ENTERED**
February 17, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, | § § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:15-CV-00310 |
| | § § | |
| ELISABETH MCKNIGHT, *et al*, | § § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending in the above-referenced cause is the Attorney Ad Litem's ("AAL") Motion for Clarification of Order Appointing Attorney Ad Litem and Motion to Discharge Attorney Ad Litem ("Motion for Clarification and Discharge" or "Motion"). Doc. 35. After considering the Motion, Plaintiff's Response, the record, and relevant law, the Court denies the AAL's Motion for Discharge for the reasons discussed below. However, in order to expedite the conclusion of the AAL's representation, Plaintiff must seek substitute service pursuant to Federal Rule of Civil Procedure 4(e)(1) and Texas Rule of Civil Procedure 109 within thirty (30) days of the entry of this Order. If Plaintiff fails to comply with the relevant rules and this Order, or the remaining known defendant answers or appears after service, the AAL may then move for discharge.

I. Background

The question raised by this case is two-fold. First, the Court must address whether Texas Rule of Civil Procedure 244 mandates that an attorney ad litem be appointed for a known heir who fails to appear or answer after being served by publication in a foreclosure case in federal court. The Court concludes that, when properly invoked, it does. Second, in light of this conclusion, the Court must determine whether the AAL in this case should be discharged or

retained. The Court believes she should be retained.

On February 4, 2015, Plaintiff Deutsche Bank National Trust Company, as Trustee for New Century Home Equity Loan Trust, Series 2005-B, Asset Backed Pass-Through Certificates, its successors in interest or assigns, filed this suit to obtain a foreclosure judgment pursuant to a mortgage lien. Doc. 1. Plaintiff originally brought suit against both mortgagors, but after learning one of the mortgagors was deceased, Plaintiff amended to include a number of named heirs as well as the decedent's "Unknown Heirs." Doc. 5. The known heirs were personally served and have defaulted. Docs. 10, 13, 16. Between March 24 and April 14, 2015, the unknown heirs were served by publication. Doc. 12.

On June 4, 2015, Plaintiff filed a motion to appoint an attorney ad litem "to attempt to locate and, if needed, to represent the parties served by publication." Doc. 15 at ¶ 3. The Court granted Plaintiff's motion on June 8, 2015. Doc. 17. In its Order, the Court stated that "an attorney ad litem should be appointed to represent the Unknown Heirs at Law of Elisabeth McKnight, Deceased" and instructed the AAL to, within thirty days, "file a report with the Court and an answer, if appropriate." *Id.*

The AAL complied with the Court's Order. In her search for unknown heirs, the AAL identified two individuals: Elisabeth Astorga ("Astorga") and Roxana Segovia ("Segovia"). Doc. 22. After naming these heirs in her final report, the AAL concluded that there was no evidence of any other remaining unknown heirs. *Id.*

Acting on this information, on August 13, 2015, Plaintiff sought to amend its complaint yet again—this time to add Astorga and Segovia. Doc. 23. The Court again granted Plaintiff leave to file, Doc. 26, and on August 20, 2015, Plaintiff filed its Second Amended Complaint, Doc. 27. Astorga was served on September 14, 2015, Doc. 31, but she has not answered and

default was entered against her on January 4, 2017 (Doc. 40). On November 2, 2015, Plaintiff filed its Notice of Defendant Abroad, in which it notified the Court that Segovia "is living abroad, most likely in or around Veracruz, Mexico. But as of this filing, efforts to locate her and server her with process have been unsuccessful." Doc. 33 at ¶ 8. Plaintiff went on to note that "[o]nce it has been able to affirmatively locate her, Plaintiff intends to effect service on [Segovia] through the Hague Convention on Service Abroad of Judicial & Extrajudicial Documents." *Id.* ¶ 10.

After six months without any activity in the case, on May 6, 2016, the AAL filed her pending Motion for Clarification and Discharge. Doc. 35. In its Response to the Motion, Plaintiff does not dispute that the scope of the AAL's initial representation was limited, but argues that because it now appears that service by publication may be Plaintiff's only option for serving Segovia, that the AAL should be retained. Doc. 38. The parties have fully briefed the issue and the AAL's Motion is now ripe for adjudication.

## II. The Parties' Contentions

In her Motion, the AAL advances a number of arguments to support her conclusion that an attorney ad litem's duties are limited and she should now be dismissed. Doc. 35. First, she argues that because the Order Appointing Attorney Ad Litem states that the AAL was "appointed to represent the Unknown Heirs at Law of Elisabeth McKnight, Deceased," Doc. 17, and there are no longer any unknown heirs (thanks to her efforts), her representation is complete. Doc. 35 at 1–2, 5. Further, according to the AAL, even though she was the one who identified Segovia, because Segovia is now known, Segovia no longer falls within the class the AAL was originally appointed to represent. *Id.* The AAL contends that Plaintiff—at least initially—agreed with this interpretation because after Segovia was identified, Plaintiff attempted to serve Segovia

individually, rather than through the Attorney Ad Litem. *Id.* at 5.

The AAL also argues that it is not clear whether the Texas Rule of Civil Procedure cited by Plaintiff as grounds for the AAL's continuing duty, Rule 244, applies in federal court at all. *Id.* In support, she cites a case in which the court concluded that Rule 244 does not apply in federal court and refused to appoint an attorney ad litem altogether. *Id.* at 5–6. The AAL further avers that the plain language of the Texas Rules favor her interpretation. She alleges that Rule 244 only "permits the appointment of an attorney ad litem to 'defend the suit' on behalf of an *unknown person served by publication*." *Id.* at 5 (emphasis added). According to the AAL, while this rule may have applied to the service of the "Unknown Heirs" named in the original Order, it does not now apply to Segovia. *Id.* She also contends that because Rule 244 is predicated on Rule 111 and that rule is specifically reserved for "unknown heirs," Rule 244 cannot extend her duty to heirs now known. *Id.* at 6. Finally, the AAL cites two federal cases that she believes support her position that an attorney ad litem's duties are limited to finding the unknown heirs and reporting those results to the Court. *Id.* at 8.

Plaintiff responds that "[t]he attorney ad litem is correct that she has only been retained to represent the interests of the unknown heirs—so far." Doc. 38 at ¶ 4. However, Plaintiff contends that "in the event that another party is served by publication but does not answer or appear, the Court would be required to appoint an ad litem to also represent that party" pursuant to Texas Rule of Civil Procedure 244. *Id.* In support, Plaintiff points to Texas Rule of Civil Procedure 109 (the Texas Rule that applies to parties whose whereabouts are unknown) and 28 U.S.C. § 1655 (a provision of the United States Code that addresses service on a defendant when a plaintiff seeks to enforce a lien on a property)—both of which allow for substituted service by publication on absent defendants. *Id.* Because Segovia is believed to be living abroad and Plaintiff has been

unable to locate an address for her, Plaintiff argues it will likely need to serve Segovia by publication. *Id.* ¶ 5. If Segovia then fails to appear or answer, Plaintiff urges that the plain language of Texas Rule of Civil Procedure 244 mandates that an attorney ad litem be appointed to defend her rights. *Id.* Plaintiff goes on to distinguish the cases that the AAL cites and argue that the AAL has misread the plain language of the rules. *See id.* ¶¶ 6–12.

### III. Analysis

The Court is not persuaded that the Order's explicit mention of "Unknown Heirs," the plain language of the Texas Rules, or the case law foreclose the AAL's further representation of Segovia. Admittedly, once the AAL identified Segovia she became a known heir. Nevertheless, the plain language of the cited statue and procedural rules in this case indicate that Plaintiff may seek service by publication for Segovia. If she then fails to answer or appear, an attorney ad litem must be appointed for her, who then must defend the suit on her behalf. In the interest of judicial efficiency, the Court finds that continued representation by the Attorney Ad Litem is warranted in this case.

Under the express terms of Federal Rule of Civil Procedure 4(e)(1),[1] which allows

---

[1] Rule 4(e) reads:

> (e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> (A) delivering a copy of the summons and of the complaint to the individual personally;

service to be effected pursuant to the law of the state in which the district court is located, Plaintiff can employ one of the methods outlined in the Texas Rules of Civil Procedure to effect service on Segovia. Notably, because Segovia's residence is unknown, Plaintiff may avail itself of Texas Rule of Civil Procedure 109.[2] Rule 109 outlines an alternative method of service of process by publication for individuals whose whereabouts are unknown, and the Fifth Circuit has held that Rule 109 applies to individuals whose whereabouts in a foreign country are unknown. *See United States v. Real Prop. Known As 200 Acres of Land Near FM 2686 Rio Grande City, Tex.*, 773 F.3d 654, 659 (5th Cir. 2014), *cert. denied sub nom. Tamez v. United States*, 135 S. Ct. 2847, 192 L. Ed. 2d 877 (2015) ("For service of process in foreign countries, Texas Rule of Civil Procedure 109 allows for service by publication if the address of the individual is unknown,

---

> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4.
[2] Rule 109 states:

> When a party to a suit, his agent or attorney, shall make oath that the residence of any party defendant is unknown to affiant, and to such party when the affidavit is made by his agent or attorney, or that such defendant is a transient person, and that after due diligence such party and the affiant have been unable to locate the whereabouts of such defendant, or that such defendant is absent from or is a nonresident of the State, and that the party applying for the citation has attempted to obtain personal service of nonresident notice as provided for in Rule 108, but has been unable to do so, the clerk shall issue citation for such defendant for service by publication. In such cases it shall be the duty of the court trying the case to inquire into the sufficiency of the diligence exercised in attempting to ascertain the residence or whereabouts of the defendant or to obtain service of nonresident notice, as the case may be, before granting any judgment on such service.

Tex. R. Civ. P. 109.

despite diligent efforts to locate the individual, and there has been an unsuccessful attempt under Rule 108a to obtain personal service." (citing Tex.R. Civ. P. 109)). Once service by publication is authorized under Rule 109, if the defendant still fails to answer or file an appearance, Rule 244[3] kicks in, and mandates that an attorney ad litem "shall" be appointed to defend the suit on behalf of the defendant. Tex. R. Civ. P. 244.

Similarly, 28 U.S.C. § 1655 states in relevant part: "[i]n an action in a district court to enforce any lien upon or claim to . . . real . . . property . . . within the district, where any defendant cannot be served within the State, or does not voluntarily appear, the court may order the defendant to appear or plead . . . ." If the court's order cannot be personally served on the defendant, "the order shall be published as the court may direct, not less than once a week for six consecutive weeks." *Id.* If the defendant then fails to appear or plead within the time allowed, the court is authorized to proceed *as if the absent defendant had been served with state process*. *Id.* (emphasis added). At this point, the same chain of Texas Rules just discussed in the context of Rule 4(e) could then be invoked by Plaintiff to arrive at Rule 244's mandate that an attorney ad litem be appointed.

Importantly, the AAL misreads the plain language of the Rules at issue. She avers that Rule 244 only applies to unknown persons served by publication, but the Rule contains no such

---

[3] Rule 244 reads as follows:

> Where service has been made by publication, and no answer has been filed nor appearance entered within the prescribed time, the court shall appoint an attorney to defend the suit in behalf of the defendant, and judgment shall be rendered as in other cases; but, in every such case a statement of the evidence, approved and signed by the judge, shall be filed with the papers of the cause as a part of the record thereof. The court shall allow such attorney a reasonable fee for his services, to be taxed as part of the costs.

Tex. R. Civ. P. 244.

limiting language.[4] Nor does Rule 111 serve as the only predicate for invoking Rule 244 as the AAL avers. Indeed, as Plaintiff indicates, Rule 109 may also serve as the bridge to Rule 244, and Rule 109 contains no language that limits its application to unknown persons.[5]

The AAL cites *Ocwen Loan Servicing LLC v. Lane*, A-15-CA-244-SS, 2015 WL 7301182, at *1 (W.D. Tex. Nov. 18, 2015) for the proposition that Rule 244 has questionable import in federal court. In *Ocwen*, the plaintiff bank sought to foreclose on a loan held by two deceased individuals. After serving the unknown heirs of the property owners by publication, the bank filed a motion for appointment of an attorney ad litem "to attempt to locate, and if needed, to represent the Unknown Heirs[.]" *Id.* at *1 (alteration in original) (internal citation and quotation marks omitted). In support of its motion, the bank cited Federal Rule 4(e) and Texas Rule 111. *Id.* The Court rebuffed the bank's argument, opining that:

> Providing procedural protection for a litigant who was properly served and does not appear goes beyond effectuating service, and it is not at all clear to the Court that Federal Rule 4(e)(1) authorizes the appointment, at the expense of the US government, of an attorney ad litem to represent unknown heirs to the deceased owners of property.

*Id.* The court then noted that there was no indication that the bank had satisfied the prerequisites of Rule 111. *Id.* at *2. Ultimately, however, the court made no determination regarding the applicability of Rule 244 and instead dismissed the case for lack of subject-matter jurisdiction based on the "probate exception." *Id.* Because it did so, the court conducted no analysis of the plain language of the relevant federal and state rules as this Court has done. Had it done so, it likely would agree that Rule 244 applies in federal court—if certain prerequisites of the predicate Texas Rules are met. Moreover, the *Ocwen* court suggested that the potential cost to the government of appointment an attorney ad litem could be a factor in determining whether Rule

---

[4] *See supra*, note 3.
[5] *See supra*, note 2.

244 applied in federal court. *Id.* at *1. However, as even the AAL admits, this is a faulty premise because the bank requested that the costs be taxed against it, not the government. *See* Doc. 35 at 6. Thus, this Court is not persuaded that the *Ocwen* court's suspicion of Rule 244's applicability in federal court mandates the AAL's discharge.

This Court also disagrees with the *Ocwen* court's probate-exception analysis. It is true that, as *Ocwen* states, a federal court may not interfere with a state court's exercise of probate jurisdiction or the disposition of property in a state court's possession. *Marshall v. Marshall*, 547 U.S. 293, 308, 126 S. Ct. 1735, 1746, 164 L. Ed. 2d 480 (2006) (citing *Markham v. Allen*, 326 U.S. 490, 495, 66 S. Ct. 296, 298–99, 90 L. Ed. 256 (1946); *Sutton v. English*, 246 U.S. 199, 38 S. Ct. 254, 62 L. Ed. 664 (1918); *Waterman v. Canal–Louisiana Bank & Trust Co.*, 215 U.S. 33, 30 S. Ct. 10, 54 L. Ed. 80 (1909)). This is known as the "probate exception" to a federal court's subject-matter jurisdiction *Id.* In determining whether the probate exception deprives the court of jurisdiction, courts must conduct a two-step inquiry, asking (1) whether the property in dispute is estate property within the custody of the probate court, and (2) whether the plaintiff's claims would require the federal court to assume *in rem* jurisdiction over that property. *Curtis v. Brunsting*, 704 F.3d 406, 409–10 (5th Cir. 2013). The *Ocwen* court did neither. Nevertheless, because the plaintiff asked for a declaration that it had a statutory probate lien on the property, the court concluded that "Plaintiff wants what is in essence an administration of the Grahams' estates—a purely probate function outside this Court's jurisdiction." *Ocwen*, 2015 WL 7301182, at *2. The implication of the *Ocwen* court's conclusion is that all foreclosures on decedent's estates call for an administration of the estate and are, therefore, beyond the jurisdictional reach of federal courts. But this is not the case. As the Supreme Court has stated:

> [I]t has been established by a long series of decisions of this Court that federal courts of equity have jurisdiction to entertain suits in favor of creditors, legatees

> and heirs and other claimants against a decedent's estate to establish their claims so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court.

*Markham*, 326 U.S. at 494 (citations and internal quotation marks omitted). Indeed, because the *Ocwen* court admitted that "no probate was opened" for either decedent, 2015 WL 7301182, at *1, and there was no other indication that a state probate court had custody of the property at issue, the *Ocwen* court's answer to both parts of the probate-exception inquiry should have been a resounding "no." When properly applying this inquiry to the current case, the answer is likewise "no" to both questions. Accordingly, the probate exception does not apply.

The Court is similarly unpersuaded by the AAL's citation of *Gilbert v. Houston Independent School District*, 01-06-00159-CV, 2009 WL 3050886 (Tex. App.—Houston [1st Dist.] Sept. 24, 2009, no pet.). In *Gilbert*, the Court found that the attorney ad litem's duty did not include representation of the defendant heir because the order appointing the attorney ad litem stated that the attorney was appointed to represent the "unknown" heirs and the defendant was "known" before the motion to appoint an attorney ad litem was filed. *Id.* at *3 n.3. Therefore, the defendant could not have fallen within the class of individuals covered by the attorney ad litem's representation. *Id.*

The AAL acknowledges this timeline, but argues that "it is the distinction between being a 'known' or 'unknown' heir that is critical, not necessarily the timing by which they are known or unknown." Doc. 35 at 6 n.3. However, the *Gilbert* court never said that an attorney ad litem could never represent known heirs in federal court, it simply said that the attorney ad litem's original representation in that case did not encompass the plaintiff. Nevertheless, it is not the scope of the AAL's original representation that leads the Court to its holding today. Rather, it is the Court's conclusion that Rule 244, if properly invoked by Plaintiff, mandates that an attorney

ad litem be appointed to defend Segovia's interests. Although her role has been limited, the AAL has been on this case for over a year. In the interest of judicial efficiency, the Court finds it is efficient to retain her.

The AAL's final case citations are similarly inapposite. The AAL cites them both as evidence that when an attorney ad litem is appointed to represent unknown heirs in federal cases, "the representation is limited to finding the unknown heirs, if any, and reporting those results to the Court." Doc. 35 at 8. The AAL argues that the attorney ad litem in the first of these cases, *Bank of America, N.A. v. Cortez*, No. 2:14-cv-472 (S.D. Tex. Dec. 22, 2015), "did not appear substantively to defend the case." Doc. 35 at 8. However, as the docket indicates, and Plaintiff points out, the attorney ad litem did in fact defend the case, but she determined that the foreclosure relief sought by Bank of America was proper and reached a settlement with BOA. Doc. 38 at 7.

In the last of the AAL's cited cases, *United States v. Estate of Hoover*, No. 1:13-cv-126-MW/GJR (N.D. Fl. July 3, 2013), the attorney ad litem appointed to represent the "unknown heirs" was in fact dismissed after identifying all previously unknown parties. However, there are several facts unique to that case that are lacking here. First, all parties were identified as a result of the attorney ad litem's efforts and none wanted to participate, making the attorney ad litem's continued representation unnecessary. Second, there were no known heirs whose whereabouts were unknown, and third, there is no indication that if there were, Florida has a rule of civil procedure that is similar to Rule 244.

IV. **Conclusion**

For the foregoing reasons, it is hereby

**ORDERED** that the Attorney Ad Litem's Motion to Discharge is **DENIED**. Doc. 35. It

is further

**ORDERED** that Plaintiff shall have thirty (30) days to comply with the rules governing service by publication. The AAL may move for discharge if Plaintiff fails to comply with this order or satisfy the prerequisites of Rule 244. However, if Rule 244 is invoked, the AAL will be allowed reasonable fees for services, to be taxed as costs against Plaintiff.

SIGNED at Houston, Texas, this 15th day of February, 2017.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE